UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOMAS RUBIO RINCON,

        Petitioner,

    v.                           Case No.:  2:26-cv-01344-SPC-NPM

GARRETT RIPA *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are Tomas Rubio Rincon's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Rubio Rincon's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Rubio Rincon is a native and citizen of Mexico who entered the United States without inspection in 2004.  He has no criminal history.  The Department of Homeland Security commenced removal proceedings in 2019, and Rubio Rincon's master calendar hearing is set for April 30, 2029.  Roving Border Patrol agents arrested Rubio Rincon on April 19, 2026.  Immigration and Customs Enforcement initially detained him at Alligator Alcatraz without an opportunity to seek release on bond.  Rubio Rincon is currently detained at ERO El Paso Camp East Montana.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA")

applies to Rubio Rincon. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Rubio Rincon asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Rubio Rincon's detention is governed by § 1226(a), not § 1225(b)(2). *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026). As a noncitizen detained under § 1226(a), Rubio Rincon has a right to a bond hearing. *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281,

306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Rubio Rincon before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Rubio Rincon's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Rubio Rincon to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Rubio Rincon receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Tomas Rubio Rincon's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Rubio Rincon for an individualized bond hearing before an immigration judge or (2) release Rubio Rincon under reasonable conditions of supervision.  If the respondents release Rubio Rincon, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4